**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| **JAMISHA ROSEBAR,** individually, and on behalf of others similarly situated, | |
| Plaintiff, | Civil Case No.: |
| vs. | |
| **CSWS, L.L.C.** d/b/a **OCEAN GENTLEMEN'S CLUB**, **DEBORAH DIAZ** and **SEIF EL SHARIF**, | |
| Defendants. | |

## COLLECTIVE AND CLASS ACTION COMPLAINT WITH JURY DEMAND

Plaintiff Jamisha Rosebar, individually and on behalf of all others similarly situated, by and through her attorneys Brown, LLC, hereby brings this Collective and Class Action Complaint against Defendants CSWS, L.L.C. d/b/a Ocean Gentlemen's Club, Deborah Diaz and Seif El Sharif, and alleges upon information and belief, as follows:

## INTRODUCTION

1. Plaintiff brings this action for herself and all other similarly situated collective members to recover unpaid minimum and overtime wages, liquidated damages, costs and reasonable attorneys' fees as a result of Defendants' willful violation of the Fair Labor Standards Act, 29 U.S.C. §201 *et seq.* ("FLSA") and attendant regulations at 29 C.F.R. § 516, *et seq.*

2. Plaintiff also brings this action for herself and all other similarly situated Rule 23 class members to recover unpaid minimum and overtime wages, 2% monthly statutory interest, costs and reasonable attorneys' fees and costs as a result of Defendant's willful violation of the Illinois Minimum Wage Law, 820 Ill. Comp. Stat. 105/1, *et seq.* ("IMWL") and the Illinois Wage Payment and Collection Act, 820 Ill. Comp. Stat. 115/1, *et seq.* ("IWPCA").

3.      Plaintiff and the putative FLSA collective and Rule 23 class members are former/current dancers employed by Defendants at Ocean Gentlemen's Club, located at 5555 W 70th Place, Bedford Park, IL 60638.

4.      Defendants improperly classified the dancers as independent contractors to avoid compliance with the labor laws when the dancers in fact are covered employees under the FLSA, IMWL and IMPCA.

5.      In determining whether a worker is an employee or an independent contractor under the FLSA, the Seventh Circuit has applied the "economic reality" test which identifies six (6) relevant factors considered by the Supreme Court.   *See Sec'y of Labor v. Lauritzen*, 835 F.2d 1529, 1534 (7th Cir. 1987).

6.      Under the "economic reality" test, Defendants' dancers were economically dependent on Defendants and not in business for themselves as (1) Defendants exercised great control over the manner in which the dancers performed the work; (2) the dancers did not exercise managerial skill that affected their opportunity for profit or loss; (3) the dancers did not invest in any equipment or materials, nor did they hire any helpers, relating to performing the work; (4) the performance by the dancers did not require any special skills; (5) the dancers continued to work for Defendants until they quit or were terminated similar to an at-will employment arrangement; and (6) the dancers performed dance routines integral to Defendants' entertainment business.

7.      By and through this illegal scheme, Defendants paid the dancers no wages whatsoever but instead relied entirely on customer tips to suffice as compensation.

8.      Under the FLSA, an employer seeking to rely on tips to supplement an employee's wages must comply with 29 U.S.C. § 203(m) which provides, in relevant part, that:

>       (m)
>       . . .

2

In determining the wage an employer is required to pay a tipped employee, the amount paid such employee by the employee's employer shall be an amount equal to—

(1) the cash wage paid such employee which for purposes of such determination shall be not less than the cash wage required to be paid such an employee on August 20, 1996; and

(2) an additional amount on account of the tips received by such employee which amount is equal to the difference between the wage specified in paragraph (1) and the wage in effect under section 206 (a)(1) of this title.

The additional amount on account of tips may not exceed the value of the tips actually received by an employee. The preceding 2 sentences shall not apply with respect to any tipped employee unless such employee has been informed by the employer of the provisions of this subsection, and all tips received by such employee have been retained by the employee, except that this subsection shall not be construed to prohibit the pooling of tips among employees who customarily and regularly receive tips.

9.    Under the IMWL, an employer seeking to reply on tips to supplement an employee's wages must comply with 820 Ill. Comp. Stat. 105/4(c) which provides, in pertinent part, that:

(c)

Every employer of an employee engaged in an occupation in which gratuities have customarily and usually constituted and have been recognized as part of the remuneration for hire purposes is entitled to an allowance for gratuities as part of the hourly wage rate provided in Section 4, subsection (a) in an amount not to exceed 40% of the applicable minimum wage rate.
. . .

10.   Defendants' method of compensating the dancers violated the statutes in several respects:

    a.    Defendants *failed to pay the dancers any "wages,"* but instead compensated them entirely though customer tips.

    b.    Defendants *retained the dancers' tips* by requiring them to pay performance fees in order to work, and by imposing draconian fines on them for being late or otherwise violating Defendants' panoply of rules and guidelines.

    c.    Due to Defendants' failure to make any good faith attempt to comply with the FLSA, it *failed to notify* the dancers of the provisions of 29 U.S.C. § 203(m).

11.     Because Defendants failed to comply with 29 U.S.C. § 203(m) and 820 Ill. Comp. Stat.

105/4(c), their compensation scheme denied the dancers the statutorily mandated minimum wage

and overtime at a rate of not less than one and one-half (1.5) times their regular rate of pay for

work performed over 40 hours per week.

12.     Plaintiff asserts the FLSA claims on behalf of a putative FLSA collective, defined as:

> *Any individual who worked as a dancer at the Ocean Gentlemen's Club,
> located at 5555 W 70th Place, Bedford Park, IL 60638 at any time from
> three (3) years prior to the filing of this Complaint through the date of
> judgment.*

13.     Plaintiff seeks to send a Notice pursuant to 29 U.S.C. § 216(b) to all former and current

dancers at the Ocean Gentlemen's Club permitting them to assert FLSA claims in this collective

action by filing their individual consent forms.

14.     Plaintiff asserts the IMWL claims on behalf of a putative class pursuant to Fed. R. Civ. P.

23, defined as:

> *Any individual who worked as a dancer at the Ocean Gentlemen's Club,
> located at 5555 W 70th Place, Bedford Park, IL 60638 at any time from
> three (3) years prior to the filing of this Complaint through the date of
> judgment.*

15.     Plaintiff asserts the IWPCA claims on behalf of a putative class pursuant to Fed. R. Civ.

P. 23, defined as:

> *Any individual who worked as a dancer at the Ocean Gentlemen's Club,
> located at 5555 W 70th Place, Bedford Park, IL 60638 at any time from
> ten (10) years prior to the filing of this Complaint through the date of
> judgment.*

16.     Defendants have willfully and intentionally committed widespread violations of the

above-described statutes and corresponding regulations, in the manner described herein.

## **JURISDICTION AND VENUE**

17.     This Court has subject-matter jurisdiction over Plaintiff's FLSA claims pursuant to 28 U.S.C. § 1331 because Plaintiff's claims raise a federal question under 29 U.S.C. § 201, *et seq.*

18.     The Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. §1367 because those claims derive from a common nucleus of operative facts as Plaintiff's federal claims.

19.     The Court has personal jurisdiction over Defendants because they maintain a principal place of business and reside in the State of Illinois.

20.     Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) and (c) because Defendants employed Plaintiff in this district and because a substantial portion of the events that give rise to the Plaintiff's claims occurred in this district.

## PARTIES

21.     Defendant CSWS, L.L.C. doing business as Ocean Gentlemen's Club ("CSWS"), is a for-profit entity created and existing under and by virtue of the laws of the State of Illinois.

22.     According to the Illinois Secretary of State website, CSWS maintains a principal place of business at 5555 W 70th Place, Bedford Park, IL 60638 and has the following designated agent: Deborah Ann Diez, 5555 W 70th Place, Bedford Park, 60630.

23.     According to the Illinois Secretary of State website, CSWS has the following two (2) managers: Seif El Sharif, 17032-38 S Halsted, Harvey, IL 60426 and Deborah Diaz, 1600 S Prairie Ave Ste 2404, Chicago, IL 60616.

24.     Defendant Deborah Diaz ("Diaz") is the owner, shareholder and manager of CSWS.

25.     Defendant Seif El Sharif ("El Sharif") is the owner, shareholder and manager of CSWS.

26.     Diaz and El Sharif are personally involved in the daily operation of Ocean Gentlemen's Club.

27.     Diaz and El Sharif are personally involved in the daily management of the dancers at the Ocean Gentlemen's Club.

28.     Diaz and El Sharif personally determined the compensation policies and work schedules, duties and conditions applicable to all dancers at the Ocean Gentlemen's Club.

29.     Diaz and El Sharif personally implemented and enforced a set of rules and guidelines applicable to all dancers' work at the Ocean Gentlemen's Club.

30.     Diaz and El Sharif possessed and exercised the authority to hire and fire the dancers at the Ocean Gentlemen's Club.

31.     Plaintiff Jamisha Rosebar is a resident of the County of Cook and State of Illinois.

32.     Ms. Rosebar worked for Defendants as a dancer at the Ocean Gentlemen's Club, located at 5555 W 70th Place, Bedford Park, IL 60638, from approximately August 2017 to August 2018.

33.     Ms. Rosebar's written consent to become an FLSA party plaintiff is attached hereto as **Exhibit A**.

## **FACTUAL ALLEGATIONS**

34.     Defendants have operated and controlled an enterprise engaged in commerce as defined under the FLSA.

35.     Defendants have generated over $500,000.00 in revenue per year.

36.     Defendants had two (2) or more employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce.

37.     Defendants have engaged in ordinary commercial activities within the meaning of the FLSA that result in sales made or business done.

38.     Defendants were the "employers" of Plaintiff and similarly situated dancers within the

meaning of 29 U.S.C. § 203(d), 820 Ill. Comp. Stat. 105/3(c) and 820 Ill. Comp. Stat. 115/2.

39.     The dancers including Plaintiff were "employees" of Defendants within the meaning of 29 U.S.C. § 203(e)(1), 820 Ill. Comp. Stat. 105/3(d) and 820 Ill. Comp. Stat. 115/2, 13.

40.     Defendants knowingly "suffered or permitted" the dancers including Plaintiff to work and thus "employed" them within the meaning of 29 U.S.C. §203(g), 820 Ill. Comp. Stat. 105/3(d) and 820 Ill. Comp. Stat. 115/2, 13.

41.     Defendants, directly or indirectly, hired the dancers including Plaintiff and determined the rate and method of the payment of their wages.

42.     Defendants controlled the work conditions, protocols, applications and assignments of employment of the dancers including Plaintiff.

43.     As a matter of common policy and practice, Defendants misclassify all of their dancers as independent contractors and use an elaborate scheme in an attempt to evade their minimum wage and overtime obligations under the law.

44.     As the dancers at the Ocean Gentlemen's Club, Plaintiff and the putative FLSA collective and Rule 23 class members performed duties including performing various dance routines dictated by Defendants, interacting with patrons, and handling customers' tips.

45.     Plaintiff regularly worked over forty (40) hours a week.

46.     The dancers including Plaintiff were compensated entirely through customer tips and did not receive any hourly wage.

47.     Defendants illegally retained significant portions of the tips received by the dancers by requiring the dancers including Plaintiff to pay an upfront fee for every shift they worked and imposing fines such as a late fee for arriving late and a fee for not coming to work.

48.     Defendants never made any of the disclosures required by 29 U.S.C. 203(m) to the

dancers including Plaintiff.

49.    The dancers have been subjected to the common unlawful policies and practices of Defendant as stated herein that violated the FLSA, IMWL and IWPCA.

50.    As a result of Defendants' common unlawful policies, the dancers including Plaintiff were not compensated the statutorily mandated minimum wage and overtime at a rate of not less than one and one-half (1.5) times their regular rate of pay for work performed over 40 hours per week.

51.    All actions and agreements by Defendants described herein were willful and intentional, and they were not the result of mistake or inadvertence.

52.    Defendants were aware that the FLSA, IMWL and IWPCA apply to their business at all relevant times and that, under the economic reality test applicable to determining employment status under those laws, the dancers including Plaintiff were improperly classified as independent contractors when the dancers in fact should be classified as employees.

53.    Dancers working under conditions similar to those employed with Defendants have been determined to be employees—not independent contractors—in other FLSA cases.

54.    Despite notice of their violations, Defendants continued to intentionally misclassify the dancers, fail to pay them minimum wage, knowingly suffered and permitted them to work in excess of 40 hours during a workweek without paying overtime compensation, and failed to comply with the "tip credit" provisions of 29 U.S.C. § 203(m).

55.    Defendants' wrongful acts and/or omissions/commissions, as alleged herein, were not made in good faith, or in conformity with or in reliance on any written administrative regulation, order, ruling, approval, or interpretation by the state and/or U.S. Department of Labor and/or any state department of labor, or any administrative practice or enforcement practice or enforcement

policy of such departments.

56.     Defendants' violations of the above-described federal and state wage and hour statutes and regulations were willful, arbitrary, unreasonable and in bad faith.

## THE ECONOMIC REALITY TEST

57.     Under the economic reality test, employee status turns on whether the individual is, as a matter of economic reality, in business for himself or herself and truly independent or, rather, is economically dependent upon finding employment in others.

58.     The Seventh Circuit applies an "economic reality" test to determine whether an individual is an employee or an independent contractor for FLSA purposes.   The factors considered include:

> (1) the nature and degree of the alleged employer's control as to the manner in which the work is to be performed; (2) the alleged employee's opportunity for profit or loss depending upon his managerial skill; (3) the alleged employee's investment in equipment or materials required for his task, or his employment of workers; (4) whether the service rendered requires a special skill; (5) the degree of permanency and duration of the working relationship; (6) the extent to which the service rendered is an integral part of the alleged employer's business.

*Sec'y of Labor v. Lauritzen*, 835 F.2d 1529, 1534 (7th Cir. 1987).

59.     The totality of circumstances surrounding the employment relationship between Defendants and the dancers establishes economic dependence by the dancers on Defendants and employee status.   Here, the dancers including Plaintiff are not in business for themselves and truly independent, but rather are economically dependent upon their employment with Defendants.

## Degree of Control Exercised by Defendants

60.     The dancers did not exert control over any meaningful part of Defendants' business

9

operations and did not stand as a separate economic entity from Defendants.

61.     Defendants had complete control over the business operations, including without limitation advertising and promotion, business and financial relationships with customers, services offered, and customer volume.

62.     Moreover, Defendants exercised substantial control over all aspects of the working relationship with the dancers.

### The Dancers' Opportunity For Profit or Loss and Their Relative Investment

63.     Defendants managed all aspects of their business operation, including without limitation, attracting customers, establishing business and customer relationships, maintaining the premises, establishing the hours of operation, coordinating advertising, and hiring and controlling the staff. Defendants provided all necessary capital to open and operate the business.

64.     Defendants determined the prices charged to customers for different dance performances.

65.     The dancers had no responsibility for any aspect of Defendants' ongoing business risk.

### The Dancers' Investment in Materials and Other Employees

66.     The dancers made no financial investment in Defendants' facilities, advertising, maintenance, and staffing.   All capital investment and risk belongs to Defendants.

67.     The dancers' investment is limited to their own dancing attire.   Absent Defendants' investment and provision of the business, the dancers would earn nothing.

68.     The dancers did not hire any employees or subcontractors.

### Degree of Skill and Independent Initiative Required to Perform the Work

69.     The dancers did not exercise the skill and initiative of a person in business for themselves.

70.     The dancers were not required to have any specialized or unusual skills to perform their

job. Most of the skills utilized in performing dances are commensurate with those exercised by ordinary people.

71. The dancers did not have the opportunity to exercise the business skills and initiative necessary to elevate their status to that of independent contractors: they owned no enterprise, nor did they maintain a separate business structure or facility.

## Permanence or Duration of the Working Relationship

72. Plaintiff worked as a dancer for Defendants from approximately August 2017 to August 2018.

73. The dancers continued to work for Defendants until they quit or were terminated similar to an at-will employment arrangement.

## Extent to Which the Work is an Integral Part of Employer's Business

74. The dancers performed dance routines integral to Defendants' entertainment business

75. Defendants' operation is wholly dependent on the dancers and the performances they give for Defendants' customers.

76. The primary "product" or "good" Defendants are in business to sell consists of performances provided by the dancers.

## COLLECTIVE ACTION ALLEGATIONS

77. Plaintiff re-alleges and incorporates all previous paragraphs herein.

78. Plaintiff brings this action pursuant to Section 216(b) of the FLSA, as an opt-in representative action, for and on behalf of all dancers at the Ocean Gentlemen's Club who have been affected by Defendants' common policies and practices which include failure to pay minimum and overtime wages, in violation of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA") and attendant regulations at 29 C.F.R. § 516, *et seq*.

79. Plaintiff brings this action pursuant to 29 U.S.C. § 216(b) of the FLSA on behalf of:

11

> *Any individual who worked as a dancer at the Ocean Gentlemen's Club, located at 5555 W 70th Place, Bedford Park, IL 60638 at any time from three (3) years prior to the filing of this Complaint through the date of judgment.*

Plaintiff reserves the right to amend this definition as necessary.

80. Plaintiff brings this collective action against Defendants to recover unpaid minimum and overtime wages, liquidated damages, and reasonable attorneys' fees and costs pursuant to 29 U.S.C. § 216(b).

81. The collective action further alleges a willful violation of the FLSA and seeks an additional, third year of limitations.

82. Plaintiff seeks to send Notice to all to all former and current dancers at the Ocean Gentlemen's Club permitting them to assert FLSA claims in this collective action by filing their individual consent forms, as provided by 29 U.S.C. § 216(b) and supporting case law.

83. Certification of the collective action under the FLSA is appropriate because the employees described herein are "similarly situated" to Plaintiff under 29 U.S.C. § 216(b). The class of employees on behalf of whom Plaintiff brings this collective action are similarly situated because: (a) they had the same job positions and performed the same or similar job duties as one another on behalf of Defendants; (b) they were subject to the same or similar unlawful practices and policies as stated herein; and (c) their claims are based upon the same factual and legal theories.

84. Plaintiff anticipates that there will be no difficulty in the management of this litigation. This litigation presents claims under the FLSA, a type that have often been prosecuted on a class wide basis, and the manner of identifying the collective and providing any monetary relief to it can be effectuated from a review of Defendants' records.

85. Plaintiff and the putative FLSA collective members demand a trial by jury.

## RULE 23 CLASS ACTION ALLEGATIONS

86.     Plaintiff re-alleges and incorporates all previous paragraphs herein.

87.     Plaintiff also seeks to maintain this action pursuant to Fed. R. of Civ. P. 23, as an opt-out class action, for an on behalf all dancers at the Ocean Gentlemen's Club who have been affected by Defendants' common policies and practices which include failure to pay minimum and overtime wages, in violation of the Illinois Minimum Wage Law, 820 Ill. Comp. Stat. 105/1, *et seq.* ("IMWL") and the Illinois Wage Payment and Collection Act, 820 Ill. Comp. Stat. 115/1, *et seq.* ("IWPCA").

88.     Plaintiff brings this Rule 23 class action as to the IMWL claims on behalf of:

> *Any individual who worked as a dancer at the Ocean Gentlemen's Club, located at 5555 W 70th Place, Bedford Park, IL 60638 at any time from three (3) years prior to the filing of this Complaint through the date of judgment.*

Plaintiff reserves the right to amend this definition as necessary.

89.     Plaintiff brings this Rule 23 class action as to the IWPCA claims on behalf of:

> *Any individual who worked as a dancer at the Ocean Gentlemen's Club, located at 5555 W 70th Place, Bedford Park, IL 60638 at any time from ten (10) years prior to the filing of this Complaint through the date of judgment.*

Plaintiff reserves the right to amend this definition as necessary.

90.     Plaintiff brings this Rule 23 class action as to the IMWL and IWPCA claims against Defendants to recover unpaid minimum and overtime wages, 2% monthly statutory interest, costs and reasonable attorneys' fees and costs pursuant to 820 Ill. Comp. Stat. 105/12 and 820 Ill. Comp. Stat. 115/14.

91.     The members of the Rule 23 class are so numerous that joinder of all class members in this case would be impractical.   The Rule 23 class members should be easy to identify from

Defendants' records.

92. There is a well-defined community of interest among the Rule 23 class members and common questions of law and fact predominate in this action over any questions affecting each individual class member. These common legal and factual questions, include, but are not limited to, the following: whether the Rule 23 class members were paid the statutorily mandated minimum wages and overtime compensation at a rate of not less than one and one-half (1.5) times their regular rate of pay for work performed over 40 hours per week.

93. Plaintiff's claims are typical of those of the Rule 23 class members in that they and all other class members suffered damages as a direct and proximate result of Defendants' common and systemic payroll policies and practices. All of the class members were subject to the same corporate practices of Defendants, as alleged herein. Any lawsuit brought by a dancer of Defendants would be identical to a suit brought by any other dancers for the same violations and separate litigation would cause a risk of inconsistent results.

94. Plaintiff was employed by Defendants in the same capacity as all of the class members. All class members were treated the same or similarly by management with respect to pay or lack thereof. This treatment included, but was not limited to, failure to pay minimum and overtime wages. Thus, there are common questions of law and fact which are applicable to each and every one of the class members.

95. Plaintiff will fully and adequately protect the interests of the class members and has retained counsel who are qualified and experienced in the prosecution of nationwide wage and hour class actions. Plaintiff and her counsel do not have interests that are contrary to, or conflicting with, the interests of the class members.

96. Defendants' corporate-wide policies and practices affected all class members similarly,

and Defendants benefited from the same type of unfair and/or wrongful acts as to each class member. Plaintiff's claim arises from the same legal theories as all other class members. Therefore, this case will be more manageable and efficient as a Rule 23 class action. Plaintiff and her counsel know of no unusual difficulties in this case.

97. Plaintiff and the Rule 23 class members demand a trial by jury.

**COUNT I**
**(29 U.S.C. § 216(b) Collective Action)**
**Violation of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq*.**

98. Plaintiff re-alleges and incorporates all previous paragraphs herein and further allege as follows.

99. At all times relevant to this action, Defendants were an employer under 29 U.S.C. § 203(d) of the FLSA, subject to the provisions of 29 U.S.C. § 201, *et seq*.

100. Defendants are engaged in interstate commerce, or in the production of goods for commerce, as defined by the FLSA.

101. At all times relevant to this action, Plaintiff and the putative FLSA collective members were an "employee" of Defendants within the meaning of 29 U.S.C. § 203(e)(1) of the FLSA.

102. Plaintiff and the putative FLSA collective members either (1) engaged in commerce, (2) engaged in the production of goods for commerce, or (3) was employed in an enterprise engaged in commerce or in the production of goods for commerce.

103. At all times relevant to this action, Defendants "suffered or permitted" Plaintiff and the putative FLSA collective members to work and thus "employed" them within the meaning of 29 U.S.C. § 203(g) of the FLSA.

104. At all times relevant to this action, Defendants improperly classified the Plaintiff and the putative FLSA collective members as independent contractors to avoid compliance with the FLSA

when the dancers in fact are FLSA covered employees.

105.    At all times relevant to this action, Defendants paid Plaintiff and the putative FLSA collective members no wages whatsoever but instead relied entirely on customer tips to suffice as compensation.

106.    At all times relevant to this action, Defendants never made any of the disclosures required by 29 U.S.C. 203(m) to Plaintiff and the putative FLSA collective members.

107.    At all times relevant to this action, Defendants illegally retained significant portions of the tips received by Plaintiff and the putative FLSA collective members by imposing fees and fines against the tips they received from customers.

108.    As a result of Defendants' common unlawful policies, Plaintiff and the putative FLSA collective members were not compensated the statutorily mandated minimum wage and overtime at a rate of not less than one and one-half (1.5) times their regular rate of pay for work performed over 40 hours per week.

109.    Defendants' conduct and practices, described herein, were willful, intentional, unreasonable, arbitrary, and in bad faith.

110.    Because Defendants willfully violated the FLSA, a three (3) year statute of limitations shall apply to such violation pursuant to 29 U.S.C. § 255(a).

111.    As a result of Defendants' uniform and common policies and practices described above, Plaintiff and the putative FLSA collective members were illegally deprived of minimum and overtime wages earned, in such amounts to be determined at trial, and are entitled to recovery of such total unpaid amounts, liquidated damages, reasonable attorneys' fees, costs and other compensation pursuant to 29 U.S.C § 216(b).

**COUNT II**
**(Fed R. Civ. P. 23 Class Action)**

**Violation of the Illinois Minimum Wage Law, 820 Ill. Comp. Stat. 105/1, *et seq*.**

112. Plaintiff re-alleges and incorporates all previous paragraphs herein and further alleges as follows.

113. At all times relevant to the action, Defendants were "employers" covered by the mandates of the Illinois Minimum Wage Law, and Plaintiff and the putative Rule 23 class members are employees entitled to the IMWL's protections.

114. The IMWL requires employers to pay their employees minimum wages and time-and-a-half their regular rate of pay of hours worked in excess of forty (40) per week. *See* 820 Ill. Comp. Stat. 105/4 and 4a.

115. At all times relevant to this action, Defendants improperly classified the Plaintiff and the putative Rule 23 class members as independent contractors to avoid compliance with the IMWL when the dancers in fact are FLSA covered employees.

116. At all times relevant to this action, Defendants paid Plaintiff and the putative Rule 23 class members no wages whatsoever but instead relied entirely on customer tips to suffice as compensation.

117. At all times relevant to this action, Defendants illegally retained significant portions of the tips received by Plaintiff and the putative Rule 23 class members by imposing fees and fines against the tips they received from customers.

118. As a result of Defendants' common unlawful policies, Plaintiff and the putative Rule 23 class members were not compensated the statutorily mandated minimum wage and overtime at a rate of not less than one and one-half (1.5) times their regular rate of pay for work performed over 40 hours per week.

119. Defendants' conduct and practices, described herein, were willful, intentional,

unreasonable, arbitrary, and in bad faith.

120.    820 Ill. Comp. Stat. 105/12(a) provides that an employee who is not paid in accordance with the Illinois Minimum Wage Law "the employee may recover in a civil action the amount of any such underpayments together with costs and such reasonable attorney's fees as may be allowed by the Court, and damages of 2% of the amount of any such underpayments for each month following the date of payment during which such underpayments remain unpaid."

121.    As a result of Defendants' uniform and common policies and practices described above, Plaintiff and the putative Rule 23 class members were illegally deprived of minimum and overtime wages earned, in such amounts to be determined at trial, and are entitled to recovery of such total unpaid amounts, 2% monthly statutory interest, reasonable attorneys' fees, costs and other compensation pursuant to 820 Ill. Comp. Stat. 105/12(a).

**COUNT III**
**(Fed R. Civ. P. 23 Class Action)**
**Violation of the Illinois Wage Payment and Collection Act, 820 Ill. Comp. Stat. 115/1, <i>et seq.</i>**

122.    Plaintiff re-alleges and incorporates all previous paragraphs herein and further alleges as follows.

123.    At all times relevant to the action, Defendants were "employers" covered by the mandates of the Illinois Wage Payment and Collection Act, and Plaintiff and the putative Rule 23 class members are employees entitled to the IWPCA's protections.

124.    At all times relevant to this action, Defendants improperly classified the Plaintiff and the putative Rule 23 class members as independent contractors to avoid compliance with the IWPCA when the dancers in fact are FLSA covered employees.

125.    At all times relevant to this action, Defendants paid Plaintiff and the putative Rule 23 class members no wages whatsoever but instead relied entirely on customer tips to suffice as

compensation.

126. At all times relevant to this action, Defendants illegally retained significant portions of the tips received by Plaintiff and the putative Rule 23 class members by imposing fees and fines against the tips they received from customers.

127. As a result of Defendants' common unlawful policies, Plaintiff and the putative Rule 23 class members were not compensated the statutorily mandated minimum wage and overtime at a rate of not less than one and one-half (1.5) times their regular rate of pay for work performed over 40 hours per week.

128. Defendants' conduct and practices, described herein, were willful, intentional, unreasonable, arbitrary, and in bad faith.

129. The IWPCA requires that "[a]ll wages earned by any employee … shall be paid." 820 ILCS 115/4.

130. Under 820 Ill. Comp. Stat. 115/14(a), an employee aggrieved by an employer's violation of the Illinois Wage Payment and Collection Act "shall be entitled to recover through a claim filed with the Department of Labor or in a civil action, but not both, the amount of any such underpayments and damages of 2% of the amount of any such underpayments for each month following the date of payment during which such underpayments remain unpaid. In a civil action, such employee shall also recover costs and all reasonable attorney's fees."

131. As a result of Defendants' uniform and common policies and practices described above, Plaintiff and the putative Rule 23 class members were illegally deprived of minimum and overtime wages earned, in such amounts to be determined at trial, and are entitled to recovery of such total unpaid amounts, 2% monthly statutory interest, reasonable attorneys' fees, costs and other compensation pursuant to 820 Ill. Comp. Stat. 115/14(a).

## RELIEF REQUESTED

WHEREFORE, Plaintiff respectfully requests that this Court grant the following relief against Defendants, and each of them, individually, jointly and severally, as follows:

(A)    A declaratory judgment that Defendant's wage practices alleged herein violate the minimum wage and overtime provisions of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*, and attendant regulations at 29 C.F.R. § 516, *et seq.*;

(B)    A declaratory judgment that Defendants' wage practices alleged herein violate the Illinois Minimum Wage Law, 820 Ill. Comp. Stat. 105/1, *et seq.* ("IMWL") and the Illinois Wage Payment and Collection Act, 820 Ill. Comp. Stat. 115/1, *et seq.* ("IWPCA").

(C)    An Order for injunctive relief ordering Defendants to comply with the FLSA, IMWL and IWPCA and end all of the illegal wage practices alleged herein;

(D)    Certifying this case as a collective action in accordance with 29 U.S.C. § 216(b) with respect to the FLSA claims set forth herein;

(E)    Certifying this action as a class action pursuant to Fed R. Civ. P. 23 with respect to the IMWL and IWPCA claims set forth herein;

(F)    Ordering Defendants to disclose in computer format, or in print if no computer readable format is available, the names, addresses, e-mail addresses, telephone numbers, dates of birth, job titles, dates of employment and locations of employment of all FLSA collective and Rule 23 class members;

(G)    Authorizing Plaintiff's counsel to send notice(s) of this action to all FLSA collective and Rule 23 class members, including the publishing of notice in a manner that is reasonably calculated to apprise the FLSA collective members of their rights by law to join and participate in this lawsuit;

(H) Designating Lead Plaintiff as the representatives of the FLSA collective and Rule 23 class in this action;

(I) Designating the undersigned counsel as counsel for the FLSA collective and Rule 23 Class in this action;

(J) Judgment for damages for all unpaid minimum and overtime wages and liquidated damages to which Plaintiff and the FLSA collective members are lawfully entitled under the FLSA, 29 U.S.C. § 201, *et seq.,* and attendant regulations at 29 C.F.R. § 516, *et seq.*;

(K) Judgment for damages for all unpaid minimum and overtime wages and 2% monthly statutory interest to which Plaintiff and the Rule 23 class members are lawfully entitled under 820 Ill. Comp. Stat. 105/12(a) and 115/14(a);

(L) An incentive award for the Lead Plaintiff for serving as representative of the FLSA collective and Rule 23 class in this action;

(M) An award for reasonable attorneys' fees and costs incurred by Plaintiff in this action as provided by the FLSA, IMWL and IWPCA;

(N) Judgment for any and all civil penalties to which Plaintiff and the FLSA collective and Rule 23 class members may be entitled; and

(O) Such other and further relief as to this Court may deem necessary, just and proper.

## **JURY DEMAND**

Plaintiff, individually and on behalf of all other FLSA collective and Rule 23 class members, by and through her attorneys, hereby demand a trial by jury pursuant to Rule 38 of the Federal Rules of Civil Procedure and the court rules and statutes made and provided with respect to the above entitled claims.

Dated: October 22, 2018     /s/ *Jason T. Brown*    
                Jason T. Brown

Nicholas Conlon (*pro hac vice pending*)
Ching-Yuan ("Tony") Teng (*pro hac vice pending*)
**BROWN, LLC**
500 N. Michigan Ave., Suite 600
Chicago, Illinois 60611
T: (877) 561-0000
F: (855) 582-5297
jtb@jtblawgroup.com
nicholasconlon@jtblawgroup.com
tonyteng@jtblawgroup.com

*Attorneys for Plaintiff*